[No. B132634. Second Dist., Div. Three. Mar. 16, 2001.]

ZORAN K. BASICH, Plaintiff and Appellant, v.
ALLSTATE INSURANCE COMPANY, Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 2.b. of the Factual and Procedural Background and part 1. of the Discussion.

1114

## COUNSEL

David A. Cordier for Plaintiff and Appellant.

Howrey Simon Arnold & White, Kirk A. Pasich and Aneeta Kumar for Interested Insurers as Amici Curiae on behalf of Plaintiff and Appellant.

Law Offices of Bernie Bernheim and David C. Parisi for Harry Edelstein as Amicus Curiae on behalf of Plaintiff and Appellant.

Bill Lockyer, Attorney General, Timothy Laddish, Assistant Attorney General, Randall P. Borcherding, Kristian D. Whitten and Anne Michelle Burr, Deputy Attorneys General, for State of California and Insurance Commissioner of the State of California Harry W. Low as Amici Curiae on behalf of Plaintiff and Appellant.

Shernoff, Bidart & Darras, William M. Shernoff, Michael J. Bidart, Jeffrey Isaac Ehrlich; Quisenberry & Kabateck, Brian S. Kabateck, Suzanne Havens Beckman and Heather M. Mason for Consumer Attorneys of California, United Policyholders, Consumer Federation of California, Congress of California Seniors, Foundation for Taxpayer and Consumer Rights and California Public Interest Research Group as Amici Curiae on behalf of Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps, Charles A. Bird, Peter H. Klee and Robert H. Roe for Defendant and Respondent.

Horvitz & Levy, Ellis J. Horvitz, David M. Axelrad, Lisa Perrochet, Stephanie Rae Williams; Barger & Wolen, Kent R. Keller, Steven H. Weinstein, Larry M. Golub and Robyn E. King for Century National Insurance Company, Association of California Insurance Companies, Personal Insurance Federation of California, National Association of Independent Insurers and Alliance of American Insurers as Amici Curiae on behalf of Defendant and Respondent.

Fred J. Hiestand for The Civil Justice Association of California as Amicus Curiae on behalf of Defendant and Respondent.

Nielsen, Merksamer, Parrinello, Mueller & Naylor, James R. Parrinello and John E. Mueller for California Chamber of Commerce and California Manufacturers and Technology Association as Amici Curiae on behalf of Defendant and Respondent.

OPINION

**PERLUSS, J.**\*—Plaintiff and appellant Zoran K. Basich (Basich) appeals a judgment in this action for breach of the implied covenant of good faith and fair dealing entered in favor of defendant and respondent Allstate Insurance Company (Allstate). Judgment was entered after the trial court granted Allstate's motion for nonsuit on the ground that Basich had failed to file his action within the one-year limitations period specified in the Allstate insurance policy. Basich also appeals from the trial court's order granting Allstate's motion for summary adjudication of issues as to his claim for punitive damages.

The essential questions presented are whether Basich's opening statement presented sufficient evidence of an equitable estoppel to permit him to continue with the trial and whether the trial court improperly considered the clear and convincing standard of proof in deciding the motion for summary adjudication of issues.

Viewing the evidence and all inferences in the light most favorable to the plaintiff, we find in the unpublished portion of this opinion that it was error for the trial court to grant the motion for nonsuit. However, we conclude that the trial court properly granted the motion for summary adjudication of issues as to punitive damages.

FACTUAL AND PROCEDURAL BACKGROUND

1. *Facts.*

Basich was the co-owner with Patricia Harris of a multiple-unit residential rental property in Los Angeles.[1] The property was insured by an Allstate residential fire policy for, among other things, damages or loss caused by earthquake. The Allstate policy was in effect on January 17, 1994, the date of the 1994 Northridge earthquake.

An earthquake claim was initially submitted by Harris on January 18, 1994. During the following months, Harris, through a contractor she had retained, communicated with Allstate regarding the extent of damage to the property. On October 26, 1994, Allstate made a $50,065.41 payment to Harris for repairs to the damaged structure. On November 10, 1994, Allstate made a further payment of $5,225.00 to Harris as an advance on her claim

---

\*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]Harris is not a party to this action.

for lost rental income through March 1995, the period during which the contractor had estimated repairs of earthquake-related damage could be completed. In a letter dated November 10, 1994, Allstate notified Harris that "your file is being closed with this payment . . . ."

On December 9, 1994, an attorney for Basich wrote Allstate asserting that the claim had not been settled, expressing concern about the running of the one-year contractual limitations period for filing claims contained in the policy and requesting a waiver of that limitations period. In response, on January 9, 1995, Allstate wrote that, "[s]ince [Basich's] claim is being actively investigated, the one year time limit is not running. Only when we have reached a final resolution to your claim does the one year clock again run. The only time that may have lapsed to date would be the time from the earthquake until the claim was reported to Allstate."

Discussion and negotiation between Basich and Allstate continued for the next 14 months. On March 1, 1996, Allstate advised Basich's counsel that no further benefits would be paid and that Allstate "will be closing our file and concluding our handling of your earthquake claim at this time." On March 7, 1996, Allstate wrote again and stated "[w]e believe your earthquake claim is now concluded." In addition, the March 7, 1996 letter referred to the policy's one-year limitations period for filing a lawsuit and explained that "[t]his one year period did not run between the time that you reported the claim to Allstate and the date of this letter when Allstate provided you with its formal coverage position." Finally, on June 29, 1996, in response to correspondence from Basich's lawyer, Allstate wrote again that no further payments would be made on the claim and concluded by advising Basich that "[t]his claim was closed by Allstate on March 13, 1996, and the one-year limitations period commenced running as of that date."

### 2. Proceedings.

Basich filed his original complaint against Allstate on March 10, 1997, for breach of contract and breach of the implied covenant of good faith and fair dealing. One month later Basich and Allstate settled the contract claim with Allstate agreeing to pay Basich and Harris $192,428.34, the balance of their policy limits.

Basich subsequently filed a second amended complaint, seeking recovery for damages allegedly caused by Allstate's unreasonable delay in investigating the claim and paying the policy limits. In its answer, Allstate alleged as an affirmative defense that Basich's claims were barred by the policy's one-year contractual limitations period.

a. *Allstate's motion for summary judgment and summary adjudication of issues.*

Allstate moved for summary judgment or, in the alternative, for summary adjudication of issues with respect to Basich's second cause of action for breach of the implied covenant of good faith and fair dealing and his punitive damages claim. The trial court denied summary judgment but granted summary adjudication in Allstate's favor on the issue of punitive damages, holding that the "evidence in support of punitives does not meet the criteria of *Tomaselli v. Transamerica Ins. Co.* (1994) 25 CA 4th 1269, 1286-89 [31 Cal.Rptr.2d 433] as a matter of law."

b. *Allstate's motion in limine and motion for nonsuit.**

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## CONTENTIONS

Basich contends: the insurance policy's limitations provision was equitably tolled until March 13, 1996, less than one year prior to the filing of his action; Allstate is equitably estopped from asserting that the contractual limitations period expired more than one year prior to the commencement of this lawsuit; and, in granting the motion for summary adjudication of issues, the trial court improperly evaluated the evidence presented in support of his punitive damages claim by the clear and convincing standard of proof applicable at trial.

## DISCUSSION

1. *The trial court erred in granting Allstate's motion for nonsuit on the ground that Basich's tort claim was time-barred.*[5]*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1112.

[5]During the pendency of this appeal, the Legislature added section 340.9 to the Code of Civil Procedure, effective January 1, 2001. This new section essentially permits any pending insurance claim for damages arising out of the 1994 Northridge earthquake to proceed notwithstanding that such claim would have been barred by an otherwise applicable limitations period. We requested additional briefs from the parties and invited amicus curiae briefs on both the applicability of section 340.9 to Basich's tort claim and any constitutional questions that might arise from the revival of claims otherwise barred by an insurance policy's contractual limitations provision. Because we conclude that the trial court erred in granting the motion for nonsuit in light of the evidence presented regarding equitable estoppel, it is unnecessary for us to reach those issues.

2. *The trial court properly granted the motion for summary adjudication of issues with respect to punitive damages.*

   a. *Allstate satisfied its initial burden of showing that Basich could not prove one of the elements of his punitive damages claim.*

██  Basich contends that the motion for summary adjudication of issues was procedurally defective because Allstate failed to cite specifically to evidence in the record to support its argument that Basich could not prove that Allstate had acted with malice, oppression or fraud, an essential element of the claim for punitive damages. (Civ. Code, § 3294, subd. (a); see *PPG Industries, Inc. v. Transamerica Ins. Co.* (1999) 20 Cal.4th 310, 319 [84 Cal.Rptr.2d 455, 975 P.2d 652].) Basich is simply wrong.

Although Allstate's memorandum of points and authorities in support of its motion does not *repeat* specific citations to the record, Allstate submitted a comprehensive statement of undisputed material facts, which separately identified the punitive damages claim and each supporting material fact claimed to be without dispute with respect to that claim. The separate statement of undisputed material facts specifically identified the evidence in support of each undisputed fact with an appropriate citation to the record. Nothing more is required: Allstate fully complied with Code of Civil Procedure section 437c, subdivision (b) and California Rules of Court, rule 342(c) and (d), which enumerate the requirements for papers filed in support of a motion for summary judgment or summary adjudication of issues.

Substantively, Basich does not argue that Allstate failed to meet its initial burden of showing that its handling of Basich's claim was not malicious, oppressive or fraudulent. Rather, Basich contends that the trial court improperly evaluated the evidence he submitted to rebut this showing by the clear and convincing evidence standard applicable at trial.

   b. *Where the plaintiff's ultimate burden of proof will be by "clear and convincing" evidence, the higher standard of proof must be taken into account in ruling on a summary judgment motion.*

██  If, in fact, the trial court viewed the evidence submitted by Basich in opposition to the motion for summary adjudication with the clear and convincing evidence standard in mind,[8] it did so properly. (*Reader's Digest Assn. v. Superior Court* (1984) 37 Cal.3d 244, 252 [208 Cal.Rptr. 137, 690

---

[8]The trial court never said it was applying the clear and convincing evidentiary standard. Basich and Allstate apparently assume that the trial court utilized the higher, clear and convincing evidence standard based on the trial court's citation to *Tomaselli.v. Transamerica*

P.2d 610]; see *Stewart v. Truck Ins. Exchange* (1993) 17 Cal.App.4th 468, 481-482 [21 Cal.Rptr.2d 338]; *Looney v. Superior Court* (1993) 16 Cal.App.4th 521, 539-540 [20 Cal.Rptr.2d 182]; *Rowe v. Superior Court* (1993) 15 Cal.App.4th 1711, 1724 [19 Cal.Rptr.2d 625].)

In *Reader's Digest Assn. v. Superior Court, supra,* 37 Cal.3d 244, the Supreme Court issued a writ of mandate directing the trial court to grant the defendants' motion for summary judgment in a defamation action. Noting that public figure plaintiffs need to prove actual malice (now referred to as "constitutional malice") by clear and convincing evidence at trial, the Supreme Court held that, when evaluating the evidence concerning this element of the tort on a defendant's motion for summary judgment, the evidence and all inferences that reasonably can be drawn from it must meet the higher standard. (*Id.* at p. 252.) Summary judgment should be granted "unless it appears that actual malice may be proved at trial by clear and convincing evidence . . . ." (*Ibid.*)

There is no persuasive reason to limit the holding of *Reader's Digest* to public figure defamation cases, rather than to apply it to any summary judgment motion involving a claim that must be proved by clear and convincing evidence, including a claim for punitive damages. Indeed, the reasoning of the case has been applied in a variety of contexts to hold that a trial court deciding whether to allow a plaintiff to proceed with a claim for punitive damages must assess the plaintiff's evidence with reference to the clear and convincing evidentiary burden.

In *Looney v. Superior Court, supra,* 16 Cal.App.4th 521, the Court of Appeal held that in determining whether to permit a claim for punitive damages against a health care provider pursuant to Code of Civil Procedure

---

*Ins. Co., supra,* 25 Cal.App.4th at pages 1286-1289, in its order granting the motion. In *Tomaselli* the Court of Appeal reversed a jury award of punitive damages while affirming the judgment against an insurance company for bad faith claims administration. (*Ibid.*) The Court of Appeal explained that "the actions of [the insurance company] may be found to be negligent (failing to follow up information provided by the insured), overzealous (taking an unnecessary deposition under oath of the insured), legally erroneous (relying on an endorsement which was not shown to have been delivered), and callous (failing to communicate). There was nothing done, however, which could be described as evil, criminal, recklessly indifferent to the rights of the insured, or with a vexatious intention to injure." (*Id.* at p. 1288.) While the appellate court's opinion does contain one paragraph discussing the requirement that punitive damages be proved by clear and convincing evidence (*id.* at 1287), it is most likely that the trial court's citation to *Tomaselli* was intended to refer to the nature of the evidence required for an award of punitive damages, rather than the quantum of proof.

section 425.13, subdivision (a),[9] the evidence presented must be evaluated with the clear and convincing evidentiary standard in mind. "In our view, this issue is substantially identical to the problem raised by a defendant's motion for summary judgment in a case where the plaintiff's ultimate burden of proof will be by 'clear and convincing' evidence. In such a case, the evidence and all inferences which can reasonably be drawn therefrom must meet that higher standard. [Citations.] . . . [¶] There is no reason for the result to be any different here. If petitioners are ever going to prevail on a punitive damage claim, they can only do so by establishing malice, oppression or fraud by clear and convincing evidence. Thus, any prima facie case must necessarily meet that standard. In ruling on the motion to amend the pleadings the trial court will have to be satisfied that petitioners' evidentiary showing rises to that level." (*Looney v. Superior Court, supra,* 16 Cal.App.4th at pp. 539-540.)

The Court of Appeal in *Rowe v. Superior Court, supra,* 15 Cal.App.4th at page 1724, used identical reasoning to conclude that the evidence proffered under Code of Civil Procedure section 425.14[10] by a plaintiff seeking leave to assert a punitive damages claim against a religious corporation must be evaluated with reference to the higher, clear and convincing evidentiary standard. Similarly, in *Stewart v. Truck Ins. Exchange, supra,* 17 Cal.App.4th 468, the Court of Appeal held that a motion for a nonsuit on the issue of punitive damages must be determined in light of the applicable evidentiary standard. "Since January 1, 1988, a claim for punitive damages has required evidence which establishes by *'clear and convincing evidence'* that the defendant has been 'guilty of oppression, fraud, or malice.' If a plaintiff is to recover on such a claim, it will be necessary that the evidence presented meet this higher evidentiary standard. . . . [¶] We see no reason why this standard should not apply here. . . . Thus, the trial court properly viewed the evidence presented by Stewart with that higher burden in mind." (*Id.* at

[9]Section 425.13, subdivision (a) provides, "In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to Section 3294 of the Civil Code."

[10]Section 425.14 provides, "No claim for punitive or exemplary damages against a religious corporation or religious corporation sole shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive or exemplary damages to be filed. The court may allow the filing of an amended pleading claiming punitive or exemplary damages on a motion by the party seeking the amended pleading and upon a finding, on the basis of the supporting and opposing affidavits presented, that the plaintiff has established evidence which substantiates that plaintiff will meet the clear and convincing standard of proof under Section 3294 of the Civil Code."

pp. 481-482, italics in original, fn. omitted; see also *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 891 [93 Cal.Rptr.2d 364] [appellate review of record in support of jury award of punitive damages must be conducted in light of the plaintiff's clear and convincing evidence burden of proof].)

As in *Reader's Digest Assn. v. Superior Court, supra,* 37 Cal.3d 244, on a motion for summary adjudication with respect to a punitive damages claim, the higher evidentiary standard applies. If the plaintiff is going to prevail on a punitive damages claim, he or she can only do so by establishing malice, oppression or fraud by clear and convincing evidence. Thus, any evidence submitted in response to a motion for summary adjudication must necessarily meet that standard.

Basich does not contend that his evidence was sufficient to defeat Allstate's motion if that evidence is appropriately evaluated in light of the higher, clear and convincing evidence standard. Accordingly, the trial court's order granting the motion for summary adjudication on the issue of punitive damages is affirmed.

### DISPOSITION

The judgment is reversed. The order granting Allstate's motion for summary adjudication of issues concerning punitive damages is affirmed. The case is remanded for further proceedings not inconsistent with this opinion. Each party is to bear his or its own costs on appeal.

Klein, P. J., and Croskey, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 20, 2001. Chin, J., did not participate therein.