[No. E030085. Fourth Dist., Div. Two. July 10, 2003.]

RICHARD BARTON, Plaintiff and Appellant, v.
ALEXANDER HAMILTON LIFE INSURANCE COMPANY OF
AMERICA, Defendant and Appellant.

[CERTIFIED FOR PARTIAL PUBLICATION†]

†Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for partial publication. The portions to be published follow.

COUNSEL

Michael J. Cappelli for Plaintiff and Appellant.

Thelen Reid & Priest, James J. Moak and Kenneth R. Pedroza for Defendant and Appellant.

OPINION

**HOLLENHORST, Acting P. J.**—A jury found in favor of plaintiff Richard Barton on causes of action for fraud (false promise and intentional misrepresentation) and negligent misrepresentation. The jury awarded plaintiff Barton compensatory damages of $866,840.25.

Defendant Alexander Hamilton Life Insurance Company of America (Hamilton) filed a motion for a new trial on the issue of damages. The trial court granted the motion after finding that the damages were excessive within the meaning of Code of Civil Procedure section 657, subdivisions (5) and (6).[1]

Mr. Barton appeals. Although he does not "particularly oppose" the trial court's initial granting of a new trial on all damages issues, he does oppose a subsequent "clarification" of the trial court's order which would limit the new trial to compensatory damages only.

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

Hamilton filed a cross-appeal from the judgment entered against it, including an attack on various rulings of the trial court.

## ALLEGATIONS OF THE COMPLAINT AND SPECIAL VERDICTS

On October 31, 1996, Mr. Barton filed a 54-page first amended complaint for damages against Hamilton, Roger McCall, and others. The complaint alleged that Mr. McCall was a licensed life insurance agent and/or broker. In various causes of action, the complaint generally alleged that Mr. McCall sold Mr. Barton a life insurance policy issued by Hamilton as the insurer. Mr. Barton alleged that a number of representations regarding the policy were untrue and fraudulent, that the administration of the policy was fraudulent, and that Mr. McCall had falsified documentation, forged Mr. Barton's signature, and taken out an unauthorized loan on the policy.

As noted above, the jury found in Mr. Barton's favor on two theories included in the fraud cause of action: false promise and intentional misrepresentation. A separate cause of action for negligent misrepresentation incorporated the above allegations and alleged that defendants, including Hamilton and McCall, owed a duty to insure that their statements to Mr. Barton were true and accurate. However, according to the complaint, defendants made the statements negligently, recklessly, and with no reasonable grounds for believing them to be true. The jury so found.

The jury also found that Mr. McCall made the intentional and negligent false representations, and the false promises, as an agent of defendant Hamilton. Further, it found that Hamilton had expressly authorized Mr. McCall to make the statements that were found to be misrepresentations or false promises.

In accordance with these liability findings, the trial proceeded to a damages phase. After hearing evidence on damages, the jury awarded Mr. Barton compensatory damages of $866,840.25. It was not allowed to consider the issue of punitive damages.

## ISSUES†

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## THE GRANTING OF THE MOTION FOR NONSUIT ON PUNITIVE DAMAGES

Mr. Barton also argues the trial court erred in granting Hamilton's nonsuit motion on the issue of punitive damages. He cites *Stewart:* "In reviewing the

---

†See footnote, *ante,* page 1640.

trial court's order granting Stewart a new trial on the punitive damage claim, we necessarily review the correctness of the court's original order granting Truck a nonsuit on that issue. If the trial court correctly granted the nonsuit motion, then there was no error of law on which to base the grant of a new trial." (*Stewart v. Truck Ins. Exchange* (1993) 17 Cal.App.4th 468, 481 [21 Cal.Rptr.2d 338].) Assuming that the same principle would apply when a new trial on the punitive damages claim is denied, Mr. Barton proceeds to argue the merits of the nonsuit motion. We will therefore consider the merits of the nonsuit motion.

### 1. *The Standard Used in Deciding the Nonsuit Motion.*

Mr. Barton argues that the preponderance of the evidence standard applies to the determinations, under Civil Code section 3294, subdivision (b), of whether he submitted sufficient evidence that Mr. McCall was a managing agent of Hamilton and whether Hamilton ratified Mr. McCall's fraud.

Mr. Barton cites the statute: "(a) In an action for the breach of an obligation not arising from contract, where it is proven *by clear and convincing evidence* that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant. [¶] (b) An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer, unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud or malice. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation." (Civ. Code, § 3294, italics added.)

Mr. Barton argues that the clear and convincing evidence required by subdivision (a) of the statute does not apply to subdivision (b), and that the proper standard of proof for the determination of managing agent status or conduct alleged to be ratification is the preponderance of the evidence standard.

Mr. Barton cites the Use Note to BAJI No. 14.73 (9th ed. 2002), which states: "The committee believes that there is a substantial issue as to whether the requirement of clear and convincing evidence applies to the findings required by [Civil Code section 3294] subdivision (b). Therefore, the trial judge will have to make that choice pending legislative or appellate court

clarification." He also cites the leading cases of *Egan v. Mutual of Omaha Ins. Co.* (1979) 24 Cal.3d 809 [169 Cal.Rptr. 691, 620 P.2d 141], *Agarwal v. Johnson* (1979) 25 Cal.3d 932 [160 Cal.Rptr. 141, 603 P.2d 58] (disapproved by *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 574, fn. 4 [88 Cal.Rptr.2d 19, 981 P.2d 944]), and *White v. Ultramar, Inc., supra,* 21 Cal.4th 563, but these cases do not discuss the burden of proof to be applied in deciding a motion for nonsuit.

Hamilton argues that the trial court properly applied a clear and convincing evidence standard. It also cites a passage from *Stewart*: "Since January 1, 1988, a claim for punitive damages has required evidence which establishes by *'clear and convincing evidence'* that the defendant has been 'guilty of oppression, fraud, or malice.' If a plaintiff is to recover on such a claim, it will be necessary that the evidence presented meet this higher evidentiary standard .... [¶] We see no reason why this standard should not apply here. If Stewart was ever going to prevail on his punitive damage claim he could only do so by the presentation of clear and convincing evidence that Truck had by its conduct[ ] demonstrated malice." (*Stewart v. Truck Ins. Exchange, supra,* 17 Cal.App.4th 468, 481–482, fn. omitted.)

We agree with Hamilton. "In our view, this issue is substantially identical to the problem raised by a defendant's motion for summary judgment in a case where the plaintiff's ultimate burden of proof will be by 'clear and convincing' evidence. In such a case, the evidence and all inferences which can reasonably be drawn therefrom must meet that higher standard. [Citations.]" (*Looney v. Superior Court* (1993) 16 Cal.App.4th 521, 539 [20 Cal.Rptr.2d 182]; *Basich v. Allstate Ins. Co.* (2001) 87 Cal.App.4th 1112, 1121 [105 Cal.Rptr.2d 153].) ▮ Accordingly, a finding of ratification of Mr. McCall's actions by Hamilton, and any other findings made under Civil Code section 3294, subdivision (b), must be made by clear and convincing evidence. The trial court did not err in applying this burden of proof to its decision on Hamilton's nonsuit motion.

In addition, Hamilton points out that any error in this regard was invited by Mr. Barton's application of the clear and convincing standard in his opposition to the motion and in his presentation at the hearing. We agree with Hamilton and find that the trial court did not err when it required Mr. Barton to prove his punitive damages case by clear and convincing evidence. We also agree with Hamilton's fallback position that any issue which was created by application of the wrong standard of proof was nonprejudicial because, as discussed below, the trial court found a lack of *any* evidence that Mr. McCall was a managing agent of Hamilton or that Hamilton ratified his conduct.

2.†  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment entered on May 23, 2001, in favor of plaintiff Barton is affirmed as to liability. The trial court's orders of July 13, 2001, and July 20, 2001, which granted Hamilton's motion for new trial on the issue of compensatory damages, are affirmed. Each party is to bear its own costs on appeal.

Richli, J., and King J., concurred.

A petition for a rehearing was denied August 6, 2003, and the petition of appellant Richard Barton for review by the Supreme Court was denied October 15, 2003. Baxter, J., and Chin, J., did not participate therein.

---

†See footnote, *ante*, page 1640.